UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 22-19178-LMI |
| | : | |
| ROLANDO JOSE RUIZ | : | CHAPTER 7 |
| YESEYLIN D. RUIZ, | : | |
| | : | |
| Debtors. | : | |
| _____ / | | |

### MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, Robert A. Angueira, Chapter 7 Trustee (hereinafter the "*Trustee*"), and files this Motion to Approve Stipulation to Compromise Controversy with Rolando Jose Ruiz and Yeseylin D. Ruiz (the "*Debtors*") in the above-styled case, and states as follows:

1. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 30, 2022 (the "*Petition Date*").

2. Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3. The §341 Meeting of Creditors was held and concluded on January 3, 2023 (the "*§341 Meeting of Creditors*").

4. On Schedule A/B, Item #3.3, the Debtors listed a 2015 Kia Soul valued at $5,500.00 with no liens on Schedule D (the "*Kia*"), and the Trustee believes this asset is under-valued by approximately $6,000.00.

5. On Schedule A/B, Items #6 and #7, the Debtors listed Household Goods and Furnishings and Electronics with an aggregate value of approximately $1,250.00 (the "*Household Goods*"),

and the Trustee believes these assets are under-valued by approximately $5,000.00 due to the fact that the Debtor owns significant DJ Equipment.

6. At the §341 Meeting of Creditors, the Trustee discovered that the Debtors failed to explain certain pre-petition transfers and dissipation of assets. The Trustee has asserted that the Estate may have certain causes of action against the Debtor regarding the disposition of the funds, and has asserted that the Estate may also possess an interest in these transferred funds (collectively, the "***Potential Transferred Funds Claims***").

7. The Kia, Household Goods and the Potential Transferred Funds Claims shall be collectively referred to as the "***Property***."

8. The Debtors have claimed a portion of the Property as exempt.

9. Based on the testimony during the §341 Meeting of Creditors, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

10. The Debtors deny and/or dispute some of the allegations noted above.

11. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1" (the "***Settlement***" or the "***Stipulation***").

12. The Debtors will pay the Trustee the total sum of $7,000.00 to be paid in 10 equal monthly payments of $700.00 to be made on the 10th day of each month starting on February 10, 2023 and ending on November 10, 2023.

13. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 S.W. 1st Avenue, Miami, Fl. 33130. Each cashier's check or money order should clearly state the name of the Debtors and

the case number.

14. As part of the Settlement, the Debtors agree that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadlines expire.

15. As part of the Settlement, the Debtors represent and warrant that: (1) all information contained in the Debtors' Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), are true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtors have failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

16. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was their intent to surrender such property.

17. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, the Trustee will not object to the Debtors' claimed exemptions.

18. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

19. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

20. The Stipulation resolves all issues between the Trustee, and Debtors regarding Debtors'

over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

21. If the Debtors fail to timely make any of the payments described in paragraph 12, then after ten (10) days written notice emailed or mailed to the Debtors and the Debtors' counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge.

22. In the event that the Debtors fail to comply with all the terms of the Stipulation, or should any of the Debtors' representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth in the Stipulation. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

23. As additional security to ensure the prompt payment of the Settlement Amount, the Debtors have irrevocably: (a) granted the Estate a security interest in all currently owned or after-acquired personal property; (b) agreed that the Trustee shall have the right to file and/or record such instruments or documents as he deems reasonable, necessary and/or desirable to effectuate same, including, but not limited to, a UCC-1 Financing Statement; and (c) agreed to execute any and all documents that the Trustee deems reasonable, necessary and/or desirable to effectuate and perfect same.

24. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

25. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of

the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the `lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman* (*In re W. T. Grant Co*.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

26. Based on the specific facts and circumstances of this case, the Trustee has determined that $7,000.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

27. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtors; (c) granting such other and further relief as this Court deems appropriate.

[*Remainder of Page Intentionally Left Blank*]

Case No.: 22-19178-LMI

Respectfully submitted this __13__ day of January, 2023.

        ROBERT A. ANGUEIRA
        16 S.W. 1st Avenue
        Miami, Florida 33130
        Tel. (305) 263-3328
        e-mail trustee@rabankruptcy.com

By _____
        ROBERT A. ANGUEIRA
        Chapter 7 Trustee
        Florida Bar No. 0833241

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this __13__ day of January, 2023, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this __13__ day of January, 2023, to:

- **Robert A Angueira**    trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com

- **Ricardo Corona**    bk@coronapa.com, rcorona@coronapa.com

- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

        ROBERT A. ANGUEIRA
        16 S.W. 1st Avenue
        Miami, Florida 33130
        Tel. (305) 263-3328
        e-mail trustee@rabankruptcy.com

By _____
        ROBERT A. ANGUEIRA
        Chapter 7 Trustee
        Florida Bar No. 0833241

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:  :  CASE NO.: 22-19178-LMI
    :
ROLANDO JOSE RUIZ  :  CHAPTER 7
YESEYLIN D. RUIZ,  :
    :
Debtors.  :
_____/

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTORS' NON EXEMPT ASSETS

This Stipulation is entered into between Robert A. Angueira (the "***Trustee***"), and Rolando Jose Ruiz and Yeseylin D. Ruiz (the "***Debtors***"), on this ____th day of January, 2023.

WHEREAS, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 30, 2022 (the "***Petition Date***");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, the §341 Meeting of Creditors was held and concluded on January 3, 2023 (the "***§341 Meeting of Creditors***");

WHEREAS, on Schedule A/B, Item #3.3, the Debtors listed a 2015 Kia Soul valued at $5,500.00 with no liens on Schedule D (the "***Kia***"), and the Trustee believes this asset is under-valued by approximately $6,000.00;

WHEREAS, on Schedule A/B, Items #6 and #7, the Debtors listed Household Goods and Furnishings and Electronics with an aggregate value of approximately $1,250.00 (the "***Household Goods***"), and the Trustee believes these assets are under-valued by approximately $5,000.00 due to the fact that the Debtor owns significant DJ Equipment;

WHEREAS, at the §341 Meeting of Creditors, the Trustee discovered that the Debtors failed to explain certain pre-petition transfers and dissipation of assets. The Trustee has asserted

Case No.: 22-19178-LMI

that the Estate may have certain causes of action against the Debtor regarding the disposition of the funds, and has asserted that the Estate may also possess an interest in these transferred funds (collectively, the "***Potential Transferred Funds Claims***");

WHEREAS, the Kia, Household Goods and the Potential Transferred Funds Claims shall be collectively referred to as the "***Property***;"

WHEREAS, the Debtors have claimed a portion of the Property as exempt;

WHEREAS, based on the testimony during the §341 Meeting of Creditors, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtors deny and/or dispute some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtors will pay the Trustee the total sum of $7,000.00 to be paid in 10 equal monthly payments of $700.00 to be made on the 10th day of each month starting on February 10, 2023 and ending on November 10, 2023.

2. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 S.W. 1st Avenue, Miami, Fl. 33130. Each cashier's check or money order should clearly state the name of the

Case No.: 22-19178-LMI

Debtors and the case number.

3. The Debtors assert that they have the financial ability to make the monthly payments according to the terms of this Stipulation.

4. As part of this Settlement, the Debtors agree that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadlines expire.

5. As part of this Settlement, the Debtors represent and warrant that: (1) all information contained in the Debtors' Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), are true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. If the Debtors comply with all the terms of this Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was their intent to surrender such property.

7. If the Debtors comply with all the terms of this Stipulation, the Trustee will not object to the Debtors' claimed exemptions.

8. If the Debtors comply with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

9. If the Debtors comply with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

Case No.: 22-19178-LMI

10. This Stipulation resolves all issues between the Trustee, and Debtors regarding Debtors' over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtors fail to timely make any of the payments described in paragraph 1, then after ten (10) days written notice emailed or mailed to the Debtors and the Debtors' counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge.

12. In the event that the Debtors fail to comply with all the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

13. As additional security to ensure the prompt payment of the Settlement Amount, the Debtors hereby irrevocably: (a) grant the Estate a security interest in all currently owned or after-acquired personal property; (b) agree that the Trustee shall have the right to file and/or record such instruments or documents as he deems reasonable, necessary and/or desirable to effectuate same, including, but not limited to, a UCC-1 Financing Statement; and (c) agree to execute any and all documents that the Trustee deems reasonable, necessary and/or desirable to effectuate and perfect same.

14. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom

Case No.: 22-19178-LMI

enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

15. The Trustee has accepted this settlement subject to this Court's approval.

16. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

17. Time is of the essence as to all deadlines within this stipulation.

18. This agreement represents the full and complete understanding of the parties.

19. The Trustee believes that this agreement is in the best interest of the estate.

20. This agreement may be signed in counterparts.

21. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____  1/12/23
ROLANDO JOSE RUIZ           DATE
DEBTOR

_____  1/12/23
YESEYLIN D. RUIZ            DATE
JOINT DEBTOR

_____  1/13/23
ROBERT A. ANGUEIRA          DATE
TRUSTEE

America Alvarez (#0716080)  1/12/23
RICARDO CORONA    for       DATE
DEBTORS' ATTORNEY

5

| EXHIBIT |
| :---: |
| **2** |

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                      :          CASE NO.: 22-19178-LMI
                                            :
ROLANDO JOSE RUIZ                           :          CHAPTER 7
YESEYLIN D. RUIZ,                           :
                                            :
    Debtors.                            :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
### STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #___] (the "***Motion***"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court, having reviewed the file, the Motion and record herein, good

cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*" or "*Settlement*").

2. The Debtors will pay the Trustee the total sum of $7,000.00 to be paid in 10 equal monthly payments of $700.00 to be made on the 10th day of each month starting on February 10, 2023 and ending on November 10, 2023.

3. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 S.W. 1st Avenue, Miami, Fl. 33130. Each cashier's check or money order should clearly state the name of the Debtors and the case number.

4. As part of the Settlement, the Debtors agree that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadlines expire.

5. As part of the Settlement, the Debtors represent and warrant that: (1) all information contained in the Debtors' Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), are true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtors have failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, they will keep all the real and personal property listed on the Bankruptcy Schedules unless it was their intent to surrender such property.

7. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, the Trustee will not object to the Debtors' claimed exemptions.

8. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

9. Pursuant to the terms of the Settlement, if the Debtors comply with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10. The Stipulation resolves all issues between the Trustee, and Debtors regarding Debtors' over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtors fail to timely make any of the payments described in paragraph 2, then after ten (10) days written notice emailed or mailed to the Debtors and the Debtors' counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge.

12. In the event that the Debtors fail to comply with all the terms of the Stipulation, or should any of the Debtors' representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth in the Stipulation. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

13. As additional security to ensure the prompt payment of the Settlement Amount, the Debtors have irrevocably: (a) granted the Estate a security interest in all currently owned or after-acquired personal property; (b) agreed that the Trustee shall have the right to file and/or record such instruments or documents as he deems reasonable, necessary and/or desirable to effectuate same, including, but not limited to, a UCC-1 Financing Statement; and (c) agreed to execute any and all documents that the Trustee deems reasonable, necessary and/or desirable to effectuate and perfect same.

14. The settlement proceeds of $7,000.00 are allocated to pre-petition transfers and dissipation of assets.

15. The Court retains jurisdiction to enforce the terms of the Settlement.

###

Submitted by:

ROBERT A. ANGUEIRA
Chapter 7 Trustee.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail: trustee@rabankruptcy.com

Copies furnished to:
Robert A. Angueira, Trustee

*(Trustee Robert Angueira is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming such service.)*

Case 22-19178-LMI

Synchrony Bank
PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

AT&T Mobility
PO Box 536216
Atlanta, GA 30353-6216

Affinity Management Services
8200 NW 41st St STE 200
Miami, FL 33166-6204

Affirm, Inc.
Attn: Bankruptcy
30 Isabella St, Floor 4
Pittsburgh, PA 15212-5862

American Coradius International, LLC
2420 Sweet Home RD Suite 150
Buffalo, NY 14228-2244

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

Associated Credit Services, Inc.
PO Box 5171
Westborough, MA 01581-5171

Capital One
AttnL: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
Attn: Bankruptcy
7933 Preston Rd
Plano, TX 75024-2302

(p)CARMAX AUTO FINANCE
225 CHASTAIN MEADOWS CT
KENNESAW GA 30144-5942

Cavalry Portfolio Services
Attn: Bankruptcy
500 Summit Lake Drive, Suite 400
Vahalla, NY 10595-2321

Cavalry SPV I, LLC
PO Box 4252
Greenwich, CT 06831-0405

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Citibank/The Home Depot
Citicorp Credit Srvs/Centralized Bk dept
Po Box 790034
St Louis, MO 63179-0034

Comenity Bank/Express
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity Capital
Attn:  Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity/Carter
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity/MPRC
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Convergent Outsourcing, Inc.
Attn: Bankruptcy
800 Sw 39th St, Ste 100
Renton, WA 98057-4927

Credit One Bank
PO Box 60500
City of Industry, CA 91716-0500

Enhanced Recovery Company
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256-7412

First Electronic Bank
Attn: Bankruptcy
Po Box 521271
Salt Lake City, UT 84152-1271

Fresno at the Vineyards HOA
14275 SW 142 Ave
Miami, FL 33186-6715

Future Pay
Attn: Bankruptcy
Po Box 157
Lehi, UT 84043-1173

Genesis Financial
Genesis FS Card Services
Po Box 4477
Beaverton, OR 97076-4401

Hayt Hayt & Landau, PL
7765 SW 87th Ave Ste 101
Miami, FL 33173-2535

Hy Cite Enterprises/Royal Prestige
Attn: Bankruptcy
333 Holtzman Road
Madison, WI 53713-2109

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

| | | |
|---|---|---|
| Law Offices of Patenaude & Felix, APC<br>9619 Chesapeake Drive, Suite 300<br>San Diego, CA 92123-1392 | Lennar Mortgage<br>Attn: Bankruptcy Department<br>15550 Lightwave Dr Ste 200<br>Clearwater, FL 33760-3504 | Lloyd & McDaniel, PLC<br>PO box 23200<br>Louisville, KY 40223-0200 |
| MRS Associates<br>1930 Olney Ave<br>Cherry Hill, NJ 08003-2016 | Mandarich Law Group, LLP<br>PO Box 952289<br>Lake Mary, FL 32795-2289 | Merrick Bank Corp<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 |
| Midland Credit Management Inc<br>350 CAMINO DE LA REINA SUITE 100,<br>San Diego, CA 92108-3007 | Midland Fund<br>Attn: Bankruptcy<br>350 Camino De La Reine, Suite 100<br>San Diego, CA 92108-3007 | Navient<br>Attn: Bankruptcy<br>Po Box 9500<br>Wilkes-Barr, PA 18773-9500 |
| Nordstrom FSB<br>Attn: Bankruptcy<br>Po Box 6555<br>Englewood, CO 80155-6555 | [redacted] | PennyMac Loan Services, LLC<br>Attn: Correspondence Unit<br>Po Box 514387<br>Los Angeles, CA 90051-4387 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Resurgent Capital Services<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 | Sallie Mae, Inc<br>Attn:  Bankruptcy<br>Po Box 9500<br>Wilkes Barre, PA 18773-9500 |
| Santander Consumer USA<br>Attn: Bankruptcy<br>Po Box 961245<br>Fort Worth, TX 76161-0244 | Syncb/Toys R Us<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Syncb/city Furniture<br>Attn: Bankruptcy<br>Po Box 965004<br>Orlando, FL 32896-5004 |
| Syncb/hdceap<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank<br>PO Box 965013<br>Orlando, FL 32896-5013 | Synchrony Bank/BRMart<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank/Gap<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/JCPenney<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/TJX<br>Attn:  Bankruptcy<br>Po Box 965064<br>Orlando, FL 32896-5064 |
| Synchrony/Sam Ash Music<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Target Nb<br>C/O Financial & Retail Services<br>Mailstop BT PO Box 9475<br>Minneapolis, MN 55440-9475 | Td Auto Finance<br>Attn: Bankruptcy<br>Po Box 9223<br>Farmington Hills, MI 48333-9223 |
| UMB Bank, N.A<br>2420 Sweet Home Rd Ste 150<br>Buffalo, NY 14228-2244 | UMB Financial Corporation<br>Attn: Bankruptcy<br>1010 Grand Blvd<br>Kansas City, MO 64106-2202 | Wells Fargo Dealer Services<br>Attn: Bankruptcy<br>1100 Corporate Center Drive<br>Raleigh, NC 27607-5066 |

```
Ricardo Corona Esq.                                          Rolando Jose Ruiz
Corona Law Firm PA                                           102 SE 33rd Terrace
6700 SW 38 Street                                            Homestead, FL 33033-5958
Miami, FL 33155-3727


Yeseylin D Ruiz
102 SE 33rd Terrace
Homestead, FL 33033-5958
```

